# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ALBERT LASKO | ) | |
| | | |
| **Plaintiff,** | ) | |
| | | **CIVIL ACTION** |
| v. | ) | |
| | | |
| EMERALD COAL RESOURCES, | ) | |
| CUMBERLAND MINE SERVICE, | | **NO.** |
| INC. | ) | |
| FOUNDATION COAL | | |
| CORPORATION, | ) | |
| HEINTZMANN TECH | | |
| CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| HEINTZMANN CORP | | |
| PRECISION STAFFING SERVICE, | ) | |
| INC | | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Michael A. Lasko, by his undersigned attorneys, brings this Complaint and sues Defendants, jointly and severally for employment discrimination upon which the following is a statement of same:

### JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1367(a), and 1391.  This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §

951 et *seq.*; and related statutes.

2.      Plaintiff timely exhausted his administrative remedies by filing charges of discrimination with the U.S. Equal Employment Opportunity Commission which were dual filed with the Pennsylvania Human Relations Commission.  Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letters.

3.      The employment practices alleged to be unlawful were committed by the Defendants in and around Greene County, Pennsylvania, where Plaintiff worked or sought employment from the individual and jointly named Defendants. Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff Michael Albert Lasko is an individual who resides at 46 Goodhill Road, Prosperity, PA 15329. At varying times mentioned herein, Plaintiff was an employee or former employee employed by or for the named Defendants in the positions of coal miner, coal mine trainer, etc., and, Plaintiff was.

5.      At all relevant times Emerald Coal Resources, ("Emerald") was an entity existing under the laws of the Commonwealth of Pennsylvania and engaged in the business of coal mining.  Emerald maintains its principal place of business at 158 Portal Road, Waynesburg, PA 15370.

6.      At all relevant times, Cumberland Mine Service, Inc ("Cumberland")

was an entity existing under the laws of the Commonwealth of Pennsylvania and engaged in the business of coal mining. Cumberland maintains its principal place of business at 855 Kirby Road, P.O. Box 1020, Waynesburg, PA 15370.

7. At all relevant times, Foundation Coal Corporation, ("Foundation") was an entity existing under the laws of the Commonwealth of Pennsylvania and engaged in the business of coal mining. Foundation maintains its principal place of business at 999 Corporate Blvd., Suite 300, Linthicum Heights, MD 21090.

8. At all relevant times, Heintzmann Tech Corporation, ("Heintzmann") was an entity existing under the laws of the Commonwealth of Pennsylvania and engaged in the business of coal mining and coal mining services. Heintzmann maintains its principal place of business at 147 Champion Street, Cedar Bluff, VA 24609.

9. At all relevant times, Heintzmann Corp, was an entity existing under the laws of the Commonwealth of Pennsylvania and engaged in the business of coal mining and coal mining services. Heintzmann Corporation maintains its principal place of business at 641 W. Virginia Avenue, Morgantown, WV 26501.

10. At all relevant times, Precision Staffing Service, Inc., ("Precision") was an entity existing under the laws of the Commonwealth of Pennsylvania and engaged in the business of coal mining and coal mining services. Precision maintains its principal place of business at 175 Greenbag Road, Morgantown, WV 26501.

11.    Plaintiff is in a protected class because of his age.

12.    At all relevant times, the Defendants, individually and jointly have been continuously doing business in the Commonwealth of Pennsylvania and have employed at least fifteen (15) employees.

13.    Defendants are, and at all times material to this complaint, were covered entities and were industries affecting commerce within the meaning of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) as amended by the Civil Rights Act of 1991; and all relevant statutes.

**COMMON STATEMENT OF FACTS**

14.    Plaintiff, presently age 59, was employed by Defendants, individually or jointly for a period in excess of 18 years.  Plaintiff held the position of coal miner, and performed various other services for the various Defendants. Over the term of his employment Plaintiff became a  Pennsylvania Black Hat, with knowledge of all underground mining; Plaintiff obtain his PA Bituminous papers, and, Plaintiff became a machine runner.  Plaintiff also obtained his Gas Cards to detect for harmful gases in the mines.  Plaintiff also engaged in training young miners for Defendant Heintzmann.

15.    Prior to January 2008, and to the present, Plaintiff sought on innumerable occasions to obtain continuous employment by making application, on and off, with each of the named Defendants.  Plaintiff sought to work "underground" in the mines.  Each time Plaintiff made application, he was not

4

hired to work in the mines or under ground.  During the same time period, Defendants jointly or severally hired many workers to work underground who were not as qualified as Plaintiff and who were younger in age than the Plaintiff.

16.    In the year, 2008, Defendants instituted a testing procedure and required that underground miners possess a minimum of three (3) months "underground mining" experience in order to work in the mines.  Plaintiff passed the test but nevertheless was not hired to work underground.  In addition, Defendants hired younger miners and frequently waived the testing or experience requirements for younger miners.

17.    Plaintiff has been informed, by Defendants' agents, employees, or supervisory staff, that the named Defendants do not want older miners to work underground.  Defendants policy or procedure to not hire or allow "older" miners to work underground is not a reasonable factor nor a bona fide occupational qualification justification for refusing Plaintiff or similarly situated workers gainful employment.

18.    Upon belief, Defendants, refuse to hire or allow "older" miners to work underground, not only because the hourly wages are greater for such workers, but in addition, because, for each year that a miner does not work underground, by union agreement, the miner forfeits two percent (2%) of his retirement.  As a result of his age, the Defendants' union agreement and the Defendants' de jure or de facto policy or procedure to not allow older miners to

5

work underground, Plaintiff has lost approximately forty-two percent (42%) of his pension.

19.     Plaintiff has made complaints to Defendants regarding their failure and refusal to allow him to work in the mines.  As a direct result of his complaints, regarding age restriction, Defendants, jointly or severally, have continued to not allow Plaintiff to work in the mines.  If Plaintiff was allowed to work, Plaintiff was only allowed to work for mine contractors who are paid approximately half of the regular miner wage.  In addition, Plaintiff has experienced continuous and prolonged periods of being laid off, even though work was available and Defendants continued to hire younger miners.  In addition, Plaintiff complained about the aforesaid policies, procedures, and practices, and he was removed as a supervisor or foreman, and forced to do laborer work.

## COUNT ONE

### Age Discrimination & Disparate Impact

20.     The averments of Paragraphs 1 - 19, inclusive are here incorporated by reference as though fully set forth here at length.

21.     Defendants, by their agents, employees, or assigns, jointly and severally refused to allow Plaintiff, and other similarly situated miners, to work as a "underground" miner based solely upon the miner's age.

22.     Defendants, by their agents, employees, or assigns, intentionally discriminated against Plaintiff, and other similarly situated miners, by failing or

refusing to assign, hire, rehire, or continually employ them, even though, in the case of the Plaintiff, he was equally or more qualified than any new or substitute employee hired by the Defendants. Moreover, upon belief, the Defendants entered into agreements or understandings with the various unions to implicitly or explicitly discriminate against Plaintiff and other similarly situated miners on the basis of age.

23.     Defendants violated 29 U.S.C. § 621 et seq., by engaging in discriminatory practices in the terms and conditions of Plaintiff's employment. Defendants acted with the intent to discriminate against the Plaintiff. Defendants' actions constitute unlawful discriminatory practices which was engaged in with reckless indifference to Plaintiff's federally protected rights against discrimination.

24.     As a direct and proximate result of the Defendants' discrimination, Plaintiff was caused to suffer a loss of income, and other benefits and privileges associated with the employment. Plaintiff has suffered severe monetary losses, loss of professional stature, training, benefits and experience.  Plaintiff also suffered loss in the form of humiliation, emotional distress, and such other damages as may become apparent.

25.     Plaintiff seeks all rights and remedies to which he is entitled pursuant to the ADEA including compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor,

and award him damages in the form of back pay, front pay, and the benefits,

privileges and any promotional increases, together with any increase in wages, to

which he is or was entitled.  Plaintiff prays for compensatory damages for future

pecuniary losses, emotional pain and suffering, inconvenience, mental anguish,

loss of enjoyment of life, and other non-pecuniary losses and damages.  Plaintiff

further seeks all other relief he is entitled to under law, including without limitation,

attorney fees, costs, and interest.  Plaintiff demands a trial by jury.

## COUNT TWO

### Age Discrimination

26.    The averments of Paragraphs 1 - 25, inclusive are here incorporated

by reference as though fully set forth here at length.

27.    Defendants, jointly or severally, by their agents, employees, or

assigns, refused to allow Plaintiff, to work as a "underground" miner based solely

upon the Plaintiff's age.

28.    Defendants, by its agents, employees, or assigns, intentionally

discriminated against Plaintiff, by failing or refusing to assign, hire, rehire, or

continually employ Plaintiff even though Plaintiff was equally or more qualified

than any new or substitute employee hired by the Defendant. Moreover, upon

belief, the Defendants entered into agreements or understandings with the

various unions to implicitly or explicitly discriminate against Plaintiff and other

similarly situated older miners.

8

29.     Defendants violated 29 U.S.C. § 621 et seq., by engaging in discriminatory practices in the terms and conditions of Plaintiff's employment. Defendant acted with the intent to discriminate against the Plaintiff. Defendants' actions constitute unlawful discriminatory practices which was engaged in with reckless indifference to Plaintiff's federally protected rights against discrimination.

30.     As a direct and proximate result of the Defendants' discrimination, Plaintiff was caused to suffer a loss of income, and other benefits and privileges associated with the employment. Plaintiff has suffered severe monetary losses, loss of professional stature, training, benefits and experience.  Plaintiff also suffered loss in the form of humiliation, emotional distress, and such other damages as may become apparent.

32.     Plaintiff seeks all rights and remedies to which he is entitled pursuant to the ADEA including compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor, and award him damages in the form of back pay, front pay, and the benefits, privileges and any promotional increases, together with any increase in wages, to which he is or was entitled.  Plaintiff prays for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses and damages.  Plaintiff further seeks all other relief he is entitled to under law, including without limitation,

attorney fees, costs, and interest.  Plaintiff demands a trial by jury.

## COUNT THREE

### Retaliation Discrimination

33.     The allegations of paragraphs 1 - 32, inclusive, are here incorporated by reference as though fully stated here at length.

34.     Defendants, jointly and severally engaged in ongoing and unlawful employment practices in and around Greene County, Pennsylvania, in violation of the 29 U.S.C. §§ 621 et seq., and the Pennsylvania Human Relations Act, 43 PS §§ 951 et seq.

35.     These practices included but were not limited to Defendants engaging in acts to discriminate against the Plaintiff because he filed charges of discrimination, opposed acts of discrimination, or because Plaintiff participated in proceedings challenging Defendants' discriminatory work environment or work practices.

36.     Defendants knew or should have known that their actions, taken while Plaintiff opposed practices, or participated in proceedings were retaliatory and further discriminatory.  Plaintiff suffered or sustained multiple adverse actions as a result of the Defendants' retaliation against him.

37.     As a direct and proximate result of the Defendants' discrimination, Plaintiff was caused to suffer a loss of income, and other benefits and privileges associated with the employment. Plaintiff has suffered severe monetary losses, loss of professional stature, training, benefits and experience.  Plaintiff also

suffered loss in the form of humiliation, emotional distress, and such other damages as may become apparent.

38.     Plaintiff seeks all rights and remedies to which he is entitled pursuant to the ADEA and the PHRA including compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor, and award him damages in the form of back pay, front pay, and the benefits, privileges and any promotional increases, together with any increase in wages, to which he is or was entitled.  Plaintiff prays for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses and damages.  Plaintiff further seeks all other relief he is entitled to under law, including without limitation, attorney fees, costs, and interest.  Plaintiff demands a trial by jury.

**Respectfully submitted,**

**LAW OFFICES OF LOIS E. GLANBY**

**/S/ Lois E. Glanby**

_____
**Lois E. Glanby, Esquire**
**PA I.D. No. 80784**
**152 E. Highland Drive**
**McMurray, PA 15317**
**(724) 942-0524**

**/s/ Herbert A. Terrell**

_____
**Herbert A. Terrell, Esquire**

**Pa. Bar Id.  26129**
**152 E. Highland Drive**
**McMurray, PA 15317**
**(724) 942-0524**

**Counsel for Plaintiff**