IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALBERT LASKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-117 |
| v | ) |
| | ) |
| EMERALD COAL RESOURCES, | ) |
| CUMBERLAND MINE SERVICE, INC., | ) |
| FOUNDATION COAL CORPORATION, | ) |
| HEINTZMANN TECH CORPORATION, | ) |
| HEINTZMANN CORP and PRECISION | ) |
| STAFFING SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending now before Court is EMERALD'S, CUMBERLAND'S AND FOUNDATION'S

MOTION TO DISMISS (Doc. # 20), with brief in support (doc. # 21), HEINTZMANN

CORPORATION'S MOTION TO DISMISS (Doc. # 26), with brief in support (Doc. # 27),

Plaintiff's brief in opposition to both motions to dismiss (Doc. # 31), and the joint reply brief in

support of the respective motions to dismiss (Doc. # 33).  The motions are ripe for disposition.

## STATEMENT OF THE CASE

With this action, Plaintiff brings three claims of employment discrimination in violation

of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 6211 *et seq.*, and the

Pennsylvania Human Relations Act ("PHRA"), 42 Pa.Cons.Stat. § 951 *et seq.*, generally alleging

that he was denied certain employment opportunities due to his age.  *See* Doc. # 1.  Plaintiff

names numerous corporate entities as Defendants, averring "At varying times mentioned herein,

Plaintiff was an employee or former employee employed by or for the named Defendants in the

positions of coal miner, coal mine trainer, etc." *Id.* at ¶ 4.  The moving Defendants seek

dismissal of the complaint for failure to sufficiently plead facts necessary under Fed.R.Civ.P. 12(b)(6) and the controlling precedents of the United States Supreme Court and the U.S. Court of Appeals for the Third Circuit.  Essentially, the moving Defendants argue that the complaint fails to sufficiently plead the inter-relationship between Plaintiff and the named Defendants, the inter-relationship between the Defendants with one another, and the attribution of the acts forming the basis of the complaint with any of the Defendants.  The Court agrees.

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint.  The court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).  Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." *Id.*

The United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters beyond the realm of antitrust law.  When a complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

However, nothing in *Twombly* or *Iqbal* has changed other pleading standards for a Rule 12(b)(6) motion to dismiss.  The United States Supreme Court did not impose a new heightened pleading requirement, but reaffirmed that Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*citing Twombly*, 550 U.S. at 555). Moreover, the United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (*citing Twombly*, 550 U.S. at 555-56, 563 n.8.).

The ADEA prohibits employers from discriminating against individuals in hiring, termination, compensation or conditions of employment on the basis of age. 29 U.S.C. § 623(a)(1).  To establish a prima facie case of age discrimination under the ADEA, a plaintiff must establish that: (1) he was over 40 at the time he applied for the position in question; (2) he was qualified for the position in question; (3) despite his qualifications, he was rejected; and (4)

3

the employer ultimately filled the position with someone sufficiently younger to permit an

inference of age discrimination.  *Narin v. Lower Merion School Dist.*, 206 F.3d 323, 331 (3d

Cir.2000) (*citing Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir.1995));

*Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir.1995).  This framework is also used to

analyze PHRA claims.  *Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1084 (3d

Cir.1995).

## ANALYSIS

While the legal premise for Plaintiff's theory of recovery is expressed somewhat within

the complaint, namely that he was denied certain employment opportunities for which he was

qualified due to age discrimination, how that theory provides a right to relief from the moving

Defendants is not clear.  Among other deficiencies, Plaintiff's complaint treats all Defendants as

one.  For example, Plaintiff avers that he "was employed by Defendants, individually or jointly

for a period in excess of 18 years."  Doc. # 1 at ¶ 14.  The complaint does not elaborate on the

Plaintiff's employment status with each Defendant beyond that averment.  The three counts of

age discrimination are lodged against all named Defendants "jointly and severally".  *Id*. at ¶¶ 21,

27, and 34.  How each corporate Defendant is jointly and severally liable is not pled, however,

other than in a basic conclusory manner.  Furthermore, the adverse decisions for which Plaintiff

seeks redress are not sufficiently pled.  Instead, Plaintiff avers, "Prior to January 2008, and to the

present, Plaintiff sought on innumerable occasions continuous employment by making

application, on and off, with each of the named Defendants."  *Id.* at ¶ 15.

As pled, the complaint fails to provide any specifics regarding these events for which

Plaintiff seeks relief.  Among other things, the complaint does not aver by whom Plaintiff was

4

employed for what period of time; it does not aver the respective capacities in which Plaintiff

was employed by each named Defendant; nor does the complaint aver particular acts of

discrimination as to each named Defendant.   The vague and open-ended assertions contained

within the complaint hardly begin to satisfy the requirement to plead circumstances, occurrences,

or events in support of the claims, and amount to little more than a bare averment that Plaintiff

wants relief and is entitled to it.

       If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative

amendment unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d

229, 235 (3d Cir. 2004); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002).

The district court may dismiss the action if the plaintiff does not file an amended complaint or if

the plaintiff files a notice of his or her intent to stand on the complaint as filed.   Accordingly,

Plaintiff will be granted leave to amend his complaint if he so chooses.

## CONCLUSION

       For the reasons hereinabove stated, the motions to dismiss filed by moving Defendants

will be granted.   An appropriate Order follows.


                   s/  Terrence F. McVerry_____
                   United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL ALBERT LASKO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **2:10-cv-117** |
| **v** | ) |
| | ) |
| **EMERALD COAL RESOURCES,** | ) |
| **CUMBERLAND MINE SERVICE, INC.,** | ) |
| **FOUNDATION COAL CORPORATION,** | ) |
| **HEINTZMANN TECH CORPORATION,** | ) |
| **HEINTZMANN CORP and PRECISION** | ) |
| **STAFFING SERVICE, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER OF COURT

**AND NOW**, this 4th day of May, 2010, in accordance with the foregoing Memorandum

Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that EMERALD'S,

CUMBERLAND'S AND FOUNDATION'S MOTION TO DISMISS (Doc. # 20), and

HEINTZMANN CORPORATION'S MOTION TO DISMISS (Doc. # 26) are GRANTED and

Plaintiff's complaint is dismissed as to these Defendants.

It is further **ORDERED** that, on or before May 18,  2010, Plaintiff may file an amended

complaint to correct the noted deficiencies in his original complaint, or file a notice of intent to

stand on the current complaint.


BY THE COURT:


s/Terrence F. McVerry

6

United States District Court Judge

cc:        Lois E. Glanby, Esquire
           Email: attorneyglanby@aol.com

           David J. Laurent, Esquire
           Email: david.laurent@bipc.com
           Jaime S. Tuite, Esquire
           Email: Jaime.Tuite@bipc.com

           Douglas G. Smith, Esquire
           Email: smithd@jacksonlewis.com
           Lauren N. Diulus, Esquire
           Email: diulusl@jacksonlewis.com

           Lawrence Paladin, Jr., Esquire
           Email: lpaladin@nauticom.net
           Cathy L. Brannigan, Esquire
           Email: cbrannigan@cavtel.net