IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALBERT LASKO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 2:10-cv-00117 |
| | ) |
| EMERALD COAL RESOURCES, | ) |
| CUMBERLAND MINE SERVICE, INC., | ) |
| FOUNDATION COAL CORPORATION, | ) |
| HEINTZMANN TECH CORPORATION, | ) |
| HEINTZMANN CORP AND PRECISION | ) |
| STAFFING SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are PRECISION STAFFING SERVICES, INC.'S MOTION TO DISMISS (Doc. No. 36), with brief in support (Doc. No. 37), EMERALD'S, CUMBERLAND'S, AND FOUNDATION'S MOTION TO DISMISS (Doc. No. 38), with brief in support (Doc. No. 39), HEINTZMANN CORPORATION'S MOTION TO DISMISS (Doc. No. 40), with brief in support (Doc. No. 41). Plaintiff filed Responses in Opposition to the Motions to Dismiss the Amended Complaint against Precision Staffing (Doc. No. 47), Heintzmann (Doc. No. 48), Emerald, Cumberland, and Foundation (Doc. No. 49), and a Joint Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. No. 52).[1]  Heintzmann is the only defendant that submitted a Reply in Response to Plaintiff's Opposition (Doc. No. 51). Accordingly, the issues have been fully briefed and the matter is ripe for disposition.

---

[1] Plaintiff's Joint Memorandum in Opposition was initially filed on July 16, 2010 (Doc. No. 50) but was refiled on July 28, 2010 (Doc. No. 52) to comport with the signature requirements.

**STATEMENT OF THE CASE**

Plaintiff, Michael Albert Lasko, initiated this case by the filing of a three-count Complaint, generally alleging that he was denied certain employment opportunities due to his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 6211 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. § 951, *et seq.* In sum, Plaintiff avers that he was aggrieved by the Defendants'[2] allegedly unlawful employment practices in and around Greene County, Pennsylvania "where Plaintiff worked or sought employment from the individual and jointly named Defendants." (Doc. No. 35 at 2).

**Factual Background**

The following facts are taken from the Amended Complaint. According to Plaintiff, presently age 59, he "was employed by Defendants individually or jointly for a period in excess of 18 years." (Doc No. 35 at 5). Throughout this period, Plaintiff contends that he held the position of coal miner, performed various other services for the various Defendants, became a Pennsylvania Black Hat and a machine runner, obtained his Pennsylvania Bituminous papers and Gas Cards, engaged in training young miners, and retained membership with the United Mine Workers Union. (Doc. No. 35 at 5).

Plaintiff states that "[p]rior to January 2008, and to the present, [he] sought on innumerable occasions to obtain continuous employment by making application, on and off, with each individually named Defendant." (Doc. No. 35 at 5). Allegedly, Defendants did not grant him continuous employment but rather, "individually and severally hired many workers to work

---

[2] Plaintiff asserts that Precision supplies employees for all of the Defendants. Plaintiff also contends that Foundation, parent company of Cumberland and Emerald, is engaged in the business of coal mining. Additionally, Plaintiff avers that Heintzmann is engaged in the coal mining business as a contractor to coal mining companies. Heintzmann Tech Corporation ("Heintech") is allegedly a subsidiary of Heintzmann Corp.

2

underground who were not as qualified as Plaintiff and who were younger in age than the Plaintiff." (Doc. No. 35 at 5-6).

In turn, Plaintiff avers that Defendants did not hire him and/or refused to continuously employ him due to his age and/or in retaliation for the complaints he made with regard to "the failure and refusal" of Defendants to allow him to work in the mines. Specifically, Plaintiff avers the following scenarios to support his claims:

(1) Plaintiff passed a required testing procedure in 2008 but was not hired, as Defendants hired younger miners instead and frequently waived the testing or experience requirements for such miners;

(2) a defendant's human resources department repeatedly stated no work was available for the Plaintiff while the defendant actually hired eight younger miners directly from the union;

(3) Defendants refuse to hire or allow older miners to work underground, not only because the hourly wages are greater for such workers, but also because, for each year that a miner does not work underground, the union agreement necessitates that the miner forfeits two percent (2%) of his retirement; and

(4) Plaintiff made complaints to "Defendants" upon their refusal to allow him to work in the mines, which resulted in Plaintiff being removed as a supervisor or foreman, forced to do laborer work, and only being allowed to work for mine contractors, who pay workers approximately half of the regular mine wage.

As a result, Plaintiff claims he is entitled to "damages in the form of back pay, front pay, and the benefits, privileges and any promotional increases, together with any increase in wage, to which he is or was entitled." (Doc. No 35 at 10, 12, 13). Plaintiff also "prays for compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental

anguish, loss of enjoyment of life," and other losses and damages." (Doc. No 35 at 10, 12, 13).

**<u>Procedural History</u>**

Plaintiff contends that he has "exhausted his administrative remedies by filing charges of discrimination with the U.S. Equal Employment Opportunity Commission" ("EEOC") and "filed the instant suit within 90 days of receipt of the Right to Sue Letters." (Doc. No. 35 at 2).

Plaintiff brought this lawsuit on January 26, 2010, by the filing of a three-count Complaint against all of the named Defendants. The original Complaint alleged the following causes of action: (1) age discrimination and disparate impact; (2) age discrimination; and (3) retaliation discrimination.

On March 25, 2010, the named Defendants, with the exception of Precision Staffing Services, filed Motions to Dismiss for Failure to State a Claim (Doc Nos. 20, 26). The moving Defendants argued "that the Complaint fails to sufficiently plead the inter-relationship between Plaintiff and named Defendants, the inter-relationship between the Defendants with one another, and the attribution of the acts forming the basis of the complaint with any of the Defendants." (Doc. No. 34 at 2). The Court agreed.

In a Memorandum Opinion and Order of Court (Doc. No. 34) dated May 4, 2010 the Court granted the motions, and dismissed the original complaint (Doc. No. 1) with leave to amend. This Court held that the "vague and open-ended assertions contained within the complaint hardly begin to satisfy the requirement to plead circumstances, occurrences, or events in support of the claims, and amount to little more than a bare averment that Plaintiff wants relief and is entitled to it." (Doc. No. 34 at 5). Thereafter, Plaintiff filed an Amended Complaint on May 18, 2010 that alleges three identical claims but which also includes additional facts that attempt to cure the deficiencies of the original Complaint. All named Defendants now move for

the Court to dismiss the Amended Complaint for failure to state a claim.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by a plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (207) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id.* at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that

5

requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553).

The United States Court of Appeals for the Third Circuit has also "extend[ed] [its] holding in *Phillips* to the employment discrimination context" and therefore, the "plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Wilkerson v. New Media Tech. Charter Sch.*, 522 F.3d 315, 321

(3d Cir. 2008). Accordingly, the ADEA prohibits employers form discriminating against individuals in hiring, termination, compensation, or conditions of employment on the basis of age. 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA, a plaintiff must establish that: (1) he was over 40 at the time he applied for the position in question; (2) he was qualified for the position in question; (3) despite his qualifications, he was rejected; and (4) the employer ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination. *Narin v. Lower Merion School Dist.*, 206 F.3d 323, 331 (3d Cir. 2000) (citing *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir. 19995)); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir. 1995); *see also Hicks v. The Tech Industries*, 512 F. Supp. 2d 338, 347-48 (W.D. Pa. 2007) (noting that while the "fourth prong is not entirely rigid," a "reasonable inference of age cannot be drawn from the replacement of one worker with another insignificantly younger") (internal citations omitted). This framework is also used to analyze PHRA claims. *Gomez v. Allegheny Health Servs., Inc.,* 71 F.3d 1079, 1084 (3d Cir. 1995).

**LEGAL ANALYSIS**

Defendants collectively contend that the Amended Complaint should be dismissed in its entirety. In the interest of judicial economy, the Court will not address every defense raised by each individual Defendant. Given the averments raised in the Amended Complaint, the challenges raised by the Defendants, and the parties' incorporation of various arguments by reference, it is not necessary to address the respective motions to dismiss individually filed by each Defendant.

The Defendants separately or collectively assert variations of the following: (1) Count I of the Amended Complaint fails because while it purports to allege a disparate impact claim it

does not plead facts that identify a specific neutral policy that allegedly falls more harshly on workers age forty or older; and (2) Count II and Count III of the Amended Complaint do not allege facts to support a claim, noting that Plaintiff did not make any material changes to these two counts in the Amended Complaint as compared to the manner in which they were pled in the original Complaint.

The Court will now address each cause of action advocated by Plaintiff seriatim.

**Count One**

In Count I of the Amended Complaint, Plaintiff generally avers that "Defendants, by their agents, employees, or assigns, individually or jointly have refused to allow Plaintiff, and other similarly situated miners, to work as an 'underground' miner based solely upon the Plaintiff's age." (Doc. No. 35 at 8). Additionally, Plaintiff summarily contends that while he was not "at all times employed directly with each named Defendant," each named defendant subscribed to the following practices and policies:

> a. not allowing miners to work, or reducing the hours of underground work of a miner over the age of forty (40) years;
>
> b. implementing a test procedure for underground mine work which is applied on a selective age based basis, or implementing a test procedure which itself acts or tends to eliminate older miners even though the test or procedure is not a *bona fide* qualification for underground mining; [and]
>
> c. engaging in the practice of hiring younger workers, without regard to experience and training, so as to not to be required to compensate older or more experienced mine workers such as the Plaintiff.

(Doc. No. 35 at 9). Beyond one reference to an individual Defendant's practices[3], all other averments in Count I only collectively refer to "Defendants." *See* Doc. No. 35 ¶¶ 24, 27, 28, 29.

---

[3] Plaintiff specifically asserts, "Moreover, Defendant Precision directly or indirectly participated in the complained hiring practice or policy in its role as an agent of the identified Defendants of which it served" at ¶ 26.

Specifically, the Amended Complaint asserts that "Defendants" intentionally discriminated against Plaintiff, and, as such, that they violated the ADEA.

In response, Defendants contend that Count I of the Complaint is insufficient as a claim of disparate impact because it does not allege that any of the Defendants have a specific, neutral policy that falls more harshly on older employees as required by *Smith v. City of Jackson*, 544 U.S. 228, 239 (2005) or alleges statistical disparities that result from a neutral policy, as required by *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993).

To establish a *prima facie* case of for disparate impact in an employment discrimination claim, a plaintiff must identify "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (internal citations omitted). "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather the employee is responsible for isolating and identifying the *specific* employment practice that are allegedly responsible for any observed statistical disparities." *Smith*, 544 U.S. at 241 (emphasis in original). Additionally, allegations of employment discrimination claims must show "sufficient, non-speculative, and non-conclusory specific facts that show he is entitled to relief under the ADEA or PHRA." *Pezzoli v. Allegheny Ludlum Corp.*, 10-cv-0427, 2010 U.S. Dist. LEXIS 72734, *3 (W.D. Pa. July 20, 2010) (internal citations omitted).

The Court finds and rules that the bare averments and collectively pled allegations fail to support a disparate impact claim and the Amended Complaint is, therefore, the precise type of pleading contemplated by *Twombly* and its progeny. That is, "[i]n the specific context of age discrimination claims, a mere allegation that an adverse employment action was motivated by

age, without more, is the broad conclusory allegation that the Supreme Court has found insufficient." *Id.* at 2.

More specifically, the Amended Complaint never addresses any neutral practice with the Defendants but rather, categorically alleges four "specific work place policies, practices, or procedures, which are **specifically age based**." (Doc. No. 35 at ¶ 25) (emphasis added). The Amended Complaint, at best, identifies that "Defendants instituted a testing procedure and required that underground miners possess a minimum of three (3) months 'underground mining' experience in order to work in the mines." (Doc. No. 35 at 6). To that end, Plaintiff alleges that he was not hired upon the successful completion of the test, yet and claims "Defendants … frequently waived the testing or experience requirements for younger miners." (Doc. No. 35 at 6).

The Court does not find Plaintiff's allegations sufficient pursuant to the federal pleading standard. The neutral policy must by its nature and not its application impact a protected class more harshly than persons that are not members of the protected class at issue. *See EEOC v. Greyhound Lines, Inc.*, 635 F.2d 188, 192-93 (3d Cir. 1980). In this case, Plaintiff does not demonstrate this standard and the bare assertions contained within the Amended Complaint hardly show how such requirements fell "more harshly on one group than another and cannot be justified by business necessity." *Raytheon*, 540 U.S. at 52 (internal citations omitted).

Throughout his response in opposition, Plaintiff attempts to save his claim and avers that the Amended Complaint alleges sufficient particularized facts to support his ADEA action. *See* Doc. No. 52. However, his assertions contain little more than a formulaic recitation to the elements of a cause of action and amount to a bare averment that Plaintiff wants relief and is entitled to it. Such labels and conclusions are not sufficient to state a claim and fail to put

Defendants on notice.  *See* Doc. No. 34 at 4 ("Among other deficiencies, Plaintiff's Complaint treats all Defendants as one.")

The Court notes that Count I of Plaintiff's Amended Complaint alleges that "Defendant Precision directly or indirectly participated in the complained hiring practice [i.e. the four age based policies and practices]."  (Doc. No. 35 at 9).  Plaintiff's attempt to support a claim against Precision by specifically identifying and naming the defendant likewise fails since he neither includes any factual allegations that demonstrate how Precision participated in these specified age-based polices nor alleges that this particular defendant subscribed to a neutral policy that treated him more harshly by its nature.  Rather, the averments added to the original Complaint fail to allege little more than threadbare recitals and therefore, the Amended Complaint is still insufficient to state a claim.

In sum, Plaintiff's collective identification of Defendants, coupled with the lack of factual allegations and the references thereto warrant dismissal of this case.  Accordingly, Plaintiff's request to engage in discovery will not be permitted, as Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 129 S. Ct. at 1953.

Thus, Defendants' motion to dismiss Count I of the Amended Complaint will be GRANTED.

**Count Two**

Count II of the Amended Complaint alleges a disparate impact age discrimination claim.  Defendants argue that this Count fails to specify that any one of the defendants, as opposed to the others, actually committed the alleged acts.

In response, Plaintiff candidly reveals that while it "is true to a certain extent" that he

11

made "similar allegations against each Defendant," he "has not had the opportunity to engage in discovery so as to be able to plead more specifically." (Doc. No. 52 at 5); (Doc. No. 52 at 3). Plaintiff also alleges "it is unknown how much control [Precision] has over the hiring process" and that "[t]his issue needs to be explored in discovery." (Doc. No. 52 at 3).

Plaintiff's argument in opposition is not persuasive and for the reasons set forth in this Court's Memorandum Opinion dated May 4, 2010, the Court finds and rules that dismissal of Counts II is warranted and justified. In the Amended Complaint, Plaintiff continues to aver conclusory allegations, maintains his speculative claims, continues to collectively identify the Defendants, and again fails to adequately identify which particular Defendant, as opposed to any other Defendant, purportedly engaged in the conduct averred in this Count.

More specifically, the Amended Complaint repeats the same allegations that this Court previously deemed as conclusory averments. *Compare* Doc. No. 1 at 8-10 *with* Doc No. 35 at 11-13; *see also* Doc. No. 39-1 at 11-16 (highlighting, in a redlined comparison, the changes and additions of the Original Complaint and the Amended Complaint). Even with the additional references and textual changes, such as the deletion of immaterial text, the inclusion of an "individual and several" claim, and the rearranging of words, the Amended Complaint fails to sufficiently plead circumstances, occurrences, or events in support of his claims beyond simply averring that he wants relief and is entitled to it. As such, the Amended Complaint falls short of the federal pleading standard.

Accordingly, Defendants' motion to dismiss Count II of the Amended Complaint will be GRANTED.

**Count Three**

Lastly, Count III of the Amended Complaint alleges a claim for retaliation

discrimination. The Court finds and rules that Plaintiff's final claim of discrimination is similarly unavailing.

As in Count II, the Amended Complaint does not contain any details to support a claim of discrimination, but rather repeats the same allegations that this Court previously deemed as conclusory averments. *Compare* Doc. No. 1 at 8-10 *with* Doc No. 35 at 11-13; *see also* Doc. No. 39-1 at 11-16 (highlighting, in a redlined comparison, the changes and additions of the Original Complaint and the Amended Complaint). That is, Plaintiff still fails to provide any specifics regarding these events for which Plaintiff seeks relief.

Additionally, the Amended Complaint also fails to aver when the alleged practices occurred, does not allege what specific acts of discrimination each named Defendant conducted, and thus, lacks the appropriate identification to put each of the named Defendants on notice. In sum and as this Court previously noted, "[t]he vague and open-ended assertions contained within the complaint hardly begin to satisfy the requirement to plead circumstances, occurrences, or events in support of the claims, and amount to little more than a bare averment." (Doc. No. 34 at 5).

Accordingly, Defendants' motion to dismiss Count III of the Amended Complaint will be GRANTED.

**<u>Leave to Amend the Complaint</u>**

As this Court previously notes, a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* A district court may dismiss

13

the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of her intent to stand on the complaint as filed.

Defendants have raised numerous meritorious legal challenges and the Court has previously allowed Plaintiff to amend the original Complaint. However, Plaintiff neither addressed nor cured the insufficient, speculative, and collective averments scattered throughout the original Complaint, which this Court highlighted in a Memorandum Opinion dated May 4, 2010. Therefore, the Court finds and rules that to allow Plaintiff to amend his Complaint again and force Defendants to expend additional time and expense in defending seemingly inadequate claims would be futile and inequitable.

**Conclusion**

After a careful consideration of Plaintiff's Amended Complaint and Defendants' Motions to Dismiss, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law and statutory authority, and the record as a whole, the Motions to Dismiss the Amended Complaint will be GRANTED in all respects. Plaintiff will not have the opportunity to file an amended complaint. An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALBERT LASKO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 2:10-cv-00117 |
| | ) |
| EMERALD COAL RESOURCES, | ) |
| CUMBERLAND MINE SERVICE, INC., | ) |
| FOUNDATION COAL CORPORATION, | ) |
| HEINTZMANN TECH CORPORATION, | ) |
| HEINTZMANN CORP AND PRECISION | ) |
| STAFFING SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |

### ORDER OF THE COURT

AND NOW, this 24th day of September, 2010, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTIONS TO DISMISS (Document Nos. 36, 38, 40) filed by Defendants are **GRANTED**. It is further **ORDERED** that Plaintiff's Amended Complaint is dismissed in its entirety and with prejudice. The clerk shall docket this case closed.

BY THE COURT:

/s/ Terrence F. McVerry
United States District Court Judge